PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. FAUSTINO PÉREZ, Defendant and Appellant.

No. 2744.   Argued June 15, 1926.—Decided July 31, 1926.

*Felipe Colón Díaz* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

After the submission of the evidence by the prosecuting attorney at the trial in the court below the defendant moved the court to order the jury to find a verdict of acquittal

on the ground that the evidence was not sufficient to justify a verdict of guilty, and because in the information he was not charged with the commission of the crime of arson for which he was tried. The court overruled the motion and the defendant alleges now as one of the grounds for his appeal from the judgment of guilty against him that the court erred in overruling his demurrer to the information.

It is alleged in the information that the defendant, on the night of the 8th of January, 1925, wilfully and with intent to destroy, set fire to a house in one of the streets of the city of Ponce belonging to others and occupied by tenants, and defendant contends that no arson is charged because no malice is charged.

Section 398 of the Penal Code in English reads as follows: ''Arson is the wilful and malicious burning of a building of another with intent to destroy it.'' Both the English and the Spanish texts require for the charge of arson that setting fire to another's building be done wilfully and maliciously and not accidentally, because it would not then constitute felony, but trespass. The words ''wilfully'' and ''maliciously'' denote distinct ideas and the courts emphasize the necessity of the existence of malice in addition to wilfulness. 5 C. J. 541. To constitute arson the setting fire to a building must be done wilfully and maliciously with the intent to destroy it. 3 Cal. Jur. 162. Therefore, as the information does not mention the existence of malice in the act imputed to the defendant, he was not charged with the commission of arson as defined in section 398 of the Penal Code.

It is contended by the appellant that it is not sufficient to state in the information that he set fire to the house of another, but that it should have been stated that he burnt it, as defined in the English text. The Spanish dictionary of Zerolo defines as follows the word *''incendiar''*: *''Poner o pegar fuego a una casa.''* The translation of ''burning'' as *''pegar fuego''* is correct and therefore when

the information alleged that the defendant set fire to another's house it meant that he burnt another's house.

From the foregoing, as no malice is charged in the information, the appellant was not charged with the commission of arson. The judgment appealed from must be reversed and the case remanded for further proceedings.

Mr. Justice Hutchison took no part in the decision of this case.